United States District Court
Southern District of Texas
**ENTERED**
March 02, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Matin Fatery, §
 §
   Plaintiff, §
 §
versus §  Civil Action H-17-358
 §
Ducati North America, Inc., §
 §
   Defendant. §

# Opinion on Summary Judgment

1.  *Background.*

On July 12, 2016, Matin Fatery sped east on Long Point Road in west Houston, swerving between lanes on his used 2004 Ducati Monster 620 motorcycle. He rear-ended a Ford Escape, lost control of the motorcycle, and it and he skidded across the pavement.

In the collision, the motorcycle's fuel tank was punctured and began to leak. The gasoline ignited and caused second and third degree burns on 22 percent of Fatery's body; he also had road rash, multiple rib fractures, and an abdominal hernia.

Fatery sued the driver of the Ford Escape in a state court. On October 17, 2019, a jury determined that Fatery was 100 percent responsible for the accident. The judge entered a final take-nothing judgment based on the verdict.

Fatery also sued Ducati North America, Inc., for (a) products liability, (b) negligence, (c) breach of warranty, and (d) gross negligence. He says in this case that his motorcycle's fuel system was defective, causing his injuries. Ducati has moved for summary judgment, arguing that Fatery has no evidence to support his claims.

Fatery will take nothing from Ducati.

2.  *Defect.*

Each of Fatery's claims is predicated on the conclusion that the fuel tank was defective. No fact supports this.

To succeed on his claim, Fatery must show that the fuel tank's defect caused him to sustain injuries in the accident that he would not otherwise have suffered.[1] He has not. The fuel tank was designed to remain intact through normal wear and tear, not being dragged across the pavement. Fatery was dangerously swerving between lanes and speeding on his used motorcycle; he would have been injured in the accident even if the gasoline had not ignited. At most, Fatery could recover for his burns, but he has not separated the injuries attributable to the fuel tank's defect from the injuries attributable to his reckless driving.

High-grade technical testimony is also required to prove a defect involving an engineering matter outside of a juror's general experience.[2] To satisfy this burden, Fatery offered Byron Bloch's opinion that the fuel tank was susceptible to punctures in collisions and this defective design caused his injuries. The court has excluded this testimony because it is speculative, conclusory, and failed to consider or disprove alternative causes.

Fatery has offered no other evidence – expert or otherwise – that the fuel tank was defective. He says in his response that he should be permitted to conduct additional discovery on Ducati's design and testing. All relevant information has been ordered and produced – Ducati has given Fatery its data and answered his questions. Two years after the last interrogatories, Fatery still offers no facts supporting that the fuel tank was defective. He may not indefinitely rummage through Ducati's records trying to prove the essential elements of his claims.

---

[1] *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999).

[2] *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006).

3. *Conclusion.*

Fatery was an inexperienced biker dangerously swerving between lanes and speeding on his used motorcycle. No fact indicates that anything other than his recklessness caused his injuries. Fatery has had more than four years to offer facts supporting his conclusion that the motorcycle's fuel tank was defective. He has not.

Matin Fatery will take nothing from Ducati North America, Inc.

Signed on ~~February~~ MARCH 1, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge